IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ASARE,

      Petitioner,                          No. CIV S-11-0330 EFB P

    vs.

CALIFORNIA SUPERIOR COURT,
COUNTY OF SAN JOAQUIN,

      Respondent.                   ORDER

                                /

       Petitioner is a detainee of the United States Bureau of Immigrations and Customs Enforcement at Florence Correctional Center. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2).

       Petitioner seeks leave to proceed *in forma pauperis*. Dckt. No. 8. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

       Petitioner has filed a "petition for writ of error of coram nobis." Dckt. No. 1. This remedy is not available under the federal rules. *See* Fed. R. Civ. P. 60(e) ("The following are abolished . . . .writs of coram nobis, coram vobis"). The court construes his filing as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that he received ineffective assistance of counsel in a state court conviction for petty theft sustained in 2008. The court finds that it is without jurisdiction to entertain the petition and therefore recommends that it

1

be dismissed. *See* Rule 4, Rules Governing § 2254 Proceedings.

A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge entertaining a habeas petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The petition must be dismissed if on initial review the court finds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Proceedings. An application for federal habeas relief must specify all grounds for relief, state facts supporting each ground and state the relief requested. Rule 2, Rules Governing § 2254 Cases. While under Ninth Circuit precedent, this court must liberally construe the allegations of a prisoner proceeding without counsel, *see Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006), the court cannot grant relief based on conclusory allegations not supported by any specific facts, *Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).

Here, petitioner challenges a state-court conviction of petty theft sustained in 2008, but is no longer in state custody. Dckt. No. 7, Am. Pet. at 1, 4. It appears from the face of the petition that petitioner is instead in the custody of federal immigration officials under an order of deportation. *See id.* at 2 (noting place of confinement as "ICE Florence Detention Center") & 3 (alleging that trial counsel was ineffective for failing to tell petitioner that he could be deported if he took the plea deal).

Federal court jurisdiction to review a petition for writ of habeas corpus brought under 28 U.S.C. § 2254 lies only where the petitioner is "in custody pursuant to the judgment of a State court." The Ninth Circuit has held that, once the sentence imposed for a conviction has

completely expired and the petitioner is no longer in state custody, the immigration consequences of that conviction – including deportation – are considered "collateral" and do not provide a basis for federal jurisdiction under § 2254. *Resendiz v. Kovensky*, 416 F.3d 952, 956-57 (9th Cir. 2005).

There are two possible exceptions to § 2254's "in custody" requirement. First, a complete deprivation of counsel under *Gideon v. Wainwright*, 372 U.S. 335 (1963), in the underlying state proceedings may be challenged in a federal habeas proceeding although the petitioner is no longer serving the state sentence and is instead in federal custody. *Resendiz*, 416 F.3d at 959 (citing *Curtis v. United States*, 511 U.S. 485, 494-96 (1994)). The Supreme Court has squarely held that claims of ineffective assistance of counsel and that a plea was not knowing and intelligent do not fall within this limited exception. *Curtis*, 511 U.S. at 496. Because petitioner argues solely ineffective assistance of trial counsel and that his plea was not knowing and intelligent, the petition does not fall within this first exception.

A second potential exception may exist "where 'a state court . . . without justification, refuse[s] to rule on a constitutional claim that has been presented to it' or when a defendant 'obtain[s] compelling evidence that he is actually innocent.'" *Resendiz*, 416 F.3d at 959 (quoting *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 405 (2001)). There is no argument of actual innocence in the petition; instead, petitioner wishes that he had been informed and had understood the immigration consequences of his guilty plea. Further, the petition shows that petitioner has not presented his claims at all to the state courts. Dckt. No. 1 at 1-2 (indicating that petitioner did not appeal or file a state habeas petition concerning the conviction). Accordingly, the petition does not fall within the second exception.

Further, the court cannot obtain jurisdiction over the petition by construing it as one brought under 28 U.S.C. § 2241, which generally provides an avenue of habeas relief for persons in federal custody. In *Contreras v. Schiltgen*, the Ninth Circuit held that a federal court lacks jurisdiction to entertain a § 2241 habeas petition brought by an individual in immigration

1 | detention on the ground that his or her state conviction, which provided the basis for immigration
2 | detention, was unconstitutional. 122 F.3d 30 (9th Cir. 1997), *aff'd on add'l grounds by*
3 | *Contreras v. Schiltgen*, 151 F.3d 906 (9th Cir. 1998); *see also Resendiz*, 416 F.3d at 960-61.

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Docket No. 8) is granted.

2. The petition is dismissed for lack of jurisdiction.

3. The Clerk is directed to close the case.

4. The court declines to issue a certificate of appealability.

Dated:   June 3, 2011.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE